CHAS. M. COX Co., Respondent, *v.* BARBER STEAMSHIP LINES, INC., Defendant, Impleaded with WILHELM WILHELMSEN, Appellant.

First Department, February 7, 1936.

*Herbert M. Statt* of counsel [*Haight, Smith, Griffin & Deming*, attorneys], appearing specially, for the appellant.

*Barton P. Ferris* of counsel [*Hill, Rivkins & Middleton*, attorneys], for the respondent.

O'MALLEY, J. The question presented is whether service of process upon the defendant Barber Steamship Lines, Inc., or upon an employee of one Martinsen, was service under the provisions of section 223 of the Civil Practice Act, upon a foreign partnership doing business under the name of Wilh. Wilhelmsen, a deceased person.

The action is brought to recover damages to a shipment of Japanese sardine meal on the steamship *Tricolor* from Kobe, Japan, to Boston, Mass. Under the belief that Wilh. Wilhelmsen, given as the owner of the steamship *Tricolor*, stood for Wilhelm Wilhelmsen, an individual, the latter was made a party defendant. It has developed, however, that the name Wilh. Wilhelmsen was the name of a deceased Wilhelm Wilhelmsen who had been doing business under the trade name in the contracted form. That business, however, is now being conducted by three non-residents in Norway, one of whom is named Wilhelm Wilhelmsen.

Service of process was made upon the defendant Barber Steamship Lines, Inc., and upon one Sukke, an employee in the office of a Captain K. Martinsen, both of which parties have offices in New York city. The office of Captain Martinsen has the name Wilh. Wilhelmsen on the door and the telephone book lists Wilh. Wilhelmsen as having offices at the same address.

The bill of lading under which the shipment was made has the following words:

"BARBER-WILHELMSEN LINE,
(Wilh. Wilhelmsen)
OSLO."

In the upper right-hand corner of the bill among the listed agents after the name of New York city, appears the name of the defendant Barber Steamship Lines, Inc.

It is the claim of the plaintiff that since both Martinsen and the defendant Barber Steamship Lines, Inc., were using the trade name Wilh. Wilhelmsen service upon them was service upon the partnership abroad under the provisions of the statute (Civ. Prac. Act, § 223) which reads: " Service of summons on partnership using name of deceased person.   In case any action or proceeding shall be brought, founded in whole or in part upon any transaction growing out of a business conducted under the name of a deceased person, as provided by subdivision three of section twenty and section twenty-one of the Partnership Law,* and the name of the deceased person is stated as a defendant, the process and papers therein may be served on any person or persons using such name with like effect as though such person or persons had been named as defendant by his or their own respective names, and with the same effect as though all such persons were served with process, and the process and all papers may be amended by substituting the name or names of the person or persons using the name of such deceased, and no action or proceeding shall fail, abate or in any manner be hindered by the name of such deceased being so used."

We are of the opinion that the plaintiff has not brought itself within the purview of the section.   From its title, its reference to sections 20 and 21 of the Partnership Law* and from its context we are of opinion that this statute is applicable only where *one of a partnership* using the name of a deceased person is served with process.   It embraces a situation where process is issued against the name of the deceased, but service is effected upon one of the partners using the name of the deceased as a trade name.

The attempted service on Captain Martinsen was ineffectual. Even though it be assumed that he was a partner in the Oslo partnership, or engaged in a joint venture with them, and that he was using the name of the deceased, he was not personally served with process.   It was left with his employee Sukke.   A

---

*See Civ. Prac. Act, § 223, amd. by Laws of 1936, chap. 18, in effect Sept. 1, 1936, changing reference to sections 20, 21, to sections 80, 81.—[Rep.

partnership may not be served by leaving process with a mere employee, or one not shown to be authorized to receive service.

So, too, with respect to service on the defendant Barber Steamship Lines, Inc. So far as this record discloses, that defendant acted merely as agent for the Oslo partnership. It was not the exclusive agent. It acted as agent for other shipping concerns. It used the name of the deceased Wilh. Wilhelmsen, the trade name of the partnership, merely to distinguish this particular service from others. We have, therefore, a situation where service of process upon the partnership is sought to be sustained by service, not upon any member of the partnership, but upon a mere agent.

In these circumstances, no service was effected upon the partnership using the name of the deceased Wilh. Wilhelmsen as a trade name. It was error, therefore, to deny the motion of the defendant Wilhelm Wilhelmsen to vacate the alleged service of the summons and complaint upon him and to grant plaintiff's cross-motion to amend the process by substituting for the name of Wilhelm Wilhelmsen the names of the partners doing business as "Wilh. Wilhelmsen."

It follows that the order appealed from should be reversed, with twenty dollars costs and disbursements; the motion of the defendant Wilhelm Wilhelmsen to vacate service granted, with ten dollars costs, and the cross-motion of the plaintiff denied.

MARTIN, P. J., UNTERMYER and COHN, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion of the defendant-appellant to vacate service granted, with ten dollars costs, and the cross-motion of the plaintiff denied.